IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| CARLOS ALVAREZ, | ) |
| Petitioner, | ) |
| v. | ) CIVIL ACTION NO.: CV214-070 |
| SUZANNE HASTINGS, Warden, | ) |
| Respondent. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Carlos Alvarez ("Alvarez"), who is currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Motion to Dismiss. Alvarez filed a Response. For the reasons which follow, Respondent's Motion should be **GRANTED**, and Alvarez's petition should be **DISMISSED**.

## STATEMENT OF THE CASE

Alvarez was convicted, after entering a guilty plea, in the Middle District of Florida, of distribution of heroin and the serious bodily injury from the use of such heroin, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(C). As part of Alvarez's guilty plea, he was informed that he would have to admit that he sold heroin to the victim who used the heroin and, as a result of the use of heroin, the victim suffered serious bodily injury. Alvarez conceded the veracity of the facts after the prosecution and defense

counsel summarized the victim's testimony. (Doc. No. 9, p. 3). Alvarez was sentenced to 264 months' imprisonment after the district court applied a downward variance from the 292- to 365-month sentence Alvarez faced under the advisory Guidelines' range. (Id. at p. 4).

Alvarez filed a direct appeal and asserted that his guilty plea was involuntary because the victim did not suffer serious bodily injury and because a jury had to find that there was a substantial risk of death. The Eleventh Circuit Court of Appeals affirmed Alvarez's conviction and sentence. United States v. Alvarez, 165 F. App'x 707 (11th Cir. 2006).

Alvarez filed a motion pursuant to 28 U.S.C. § 2255 in the Middle District of Florida and contended that the "serious bodily injury" element of his offense had to be found by a jury beyond a reasonable doubt. The Florida court informed Alvarez that the Government was not required to prove that serious bodily injury resulted because he admitted to this part of the statute as part of his guilty plea and denied his motion. Alvarez's application for certificate of appealability was denied. (Doc. No. 9, p. 4).

Alvarez then filed an application for leave to file a second or successive section 2255 motion in the Eleventh Circuit based on Alleyne v. United States, ___ U.S. ___, 133 S. Ct. 2151 (June 17, 2013). The Eleventh Circuit denied Alvarez's application because Alleyne has not been made retroactively applicable to cases on collateral review for purposes of 28 U.S.C. § 2255(h)(2). (Doc. No. 9-8, p. 4).

Still undeterred, Alvarez filed another application for leave to file a second or successive § 2255 motion. Alvarez asserted that he is actually innocent of his sentence because the evidence in his case was insufficient under Burrage v. United States, ___

AO 72A
(Rev. 8/82)

U.S. ___, 134 S. Ct. 888 (Jan. 27, 2014), to support application of a 20-year statutory mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(C). The Eleventh Circuit found that Burrage did not set forth a new rule of constitutional law, but, even if this decision had, the United States Supreme Court did not expressly hold that Burrage is retroactively applicable to cases on collateral review. (Doc. No. 9-9, p. 4).

In this petition, Alvarez asserts that his sentence exceeds the statutory maximum and that he is actually innocent. Alvarez seemingly cites to Alleyne and Burrage in support of his position. Respondent contends that Alvarez does not satisfy § 2255's savings clause, and his petition should be dismissed.

## DISCUSSION AND CITATION OF AUTHORITY

Ordinarily, an action in which an individual seeks to collaterally attack "the validity of a federal sentence must be brought under § 2255," in the district of conviction. 28 U.S.C. § 2255(a); Turner v. Warden Coleman FCI (Medium), 709 F.3d 1328, 1333 (11th Cir. 2013). To utilize § 2241 to attack the validity of a federal sentence or conviction, a petition must show that the remedy afforded under section 2255 is "inadequate or ineffective" to challenge the validity of a conviction and/or sentence. Taylor v. Warden, FCI Marianna, 557 F. App'x 911, 913 (11th Cir. 2014).

The United States Court of Appeals for the Eleventh Circuit provided two "challenges to which the savings clause" is applicable. Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1343 (11th Cir. 2013). First:

> [t]he savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

3

Id. (alteration in original) (quoting Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999)). Second, the savings clause may apply when "a fundamental defect in sentencing occurred and the petitioner had not had an opportunity to obtain judicial correction of that defect earlier." Id. (citations omitted) (internal quotation marks omitted).

The Eleventh Circuit "retreated from the purported three-factor test enumerated in Wofford, calling it only dicta, and explain[ed] that [t]he actual holding of the Wofford decision . . . is simply that the savings clause does not cover sentence claims that could have been raised in earlier proceedings." Turner, 709 F.3d at 1333 (alteration in original) (internal citation and punctuation omitted). However, "Wofford's holding establishes two necessary conditions—although it does not go so far as holding them to be sufficient—for a sentencing claim to pass muster under the savings clause. "Williams, 713 F.3d at 1343.

> First, the claim must be based upon a retroactively applicable Supreme Court decision. The second, and equally essential, condition is that the Supreme Court decision must have overturned a circuit precedent that squarely resolved the claim so that the petitioner had no genuine opportunity to raise it at trial, on appeal, or in his first § 2255 motion.

Id. "The petitioner bears the burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy." Smith v. Warden, FCC Coleman-Low, 503 F. App'x 763, 765 (11th Cir. 2013) (citation omitted). "A petitioner may not argue the merits of his claim until he has opened the portal to a § 2241 proceeding by demonstrating that the savings clause of § 2255(e) applies to his claim." Id. (citation omitted).

AO 72A
(Rev. 8/82)

In Bryant v. Warden, FCC Coleman–Medium, 738 F.3d 1253 (11th Cir. 2013), the United States Court of Appeals for the Eleventh Circuit stated that, in order for a petitioner to show that his prior § 2255 motion was "inadequate or ineffective to test the legality of his detention," he must establish that:

> To show his prior § 2255 motion was 'inadequate or ineffective to test the legality of his detention,' [a petitioner] must establish that (1) throughout his sentencing, direct appeal, and first § 2255 proceeding, our Circuit's binding precedent had specifically addressed [his] distinct prior state conviction that triggered § 924(e) and had squarely foreclosed [his] § 924(e) claim that he was erroneously sentenced above the 10-year statutory maximum penalty in § 924(a); (2) subsequent to his first § 2255 proceeding, the Supreme Court's decision in Begay [v. United States, 553 U.S. 137 (2008)], as extended by this Court to [the petitioner's] distinct prior conviction, overturned our Circuit precedent that had squarely foreclosed [his] § 924(e) claim; (3) the new rule announced in Begay applies retroactively on collateral review; (4) as a result of Begay's new rule being retroactive, [the petitioner's] current sentence exceeds the . . . statutory maximum authorized by Congress in § 924(a); and (5) the savings clause in § 2255(e) reaches his pure § 924(e)-Begay error claim of illegal detention above the statutory maximum penalty [authorized].

Bryant, 738 F.3d at 1274 (11th Cir. 2013). A petitioner must satisfy all five (5) of these requirements to obtain relief under Bryant. Under Bryant, Alvarez must establish that the rules announced in the cases upon which he relies, Alleyne and Burrage, apply retroactively to cases on collateral review.

Following its decision in Bryant, the Eleventh Circuit has stated that Alleyne does not apply retroactively to cases on collateral review. In Chester v. Warden, 552 F. App'x 887, 890 (11th Cir. 2014), the petitioner's "only available avenue for collateral relief in a § 2241 petition [was] through § 2255(e)'s savings clause." The Eleventh Circuit stated, "because it is based on the Apprendi rule, Alleyne's rule does not apply retroactively on collateral review." Id. at 891 (citation omitted). The Eleventh Circuit, in considering Alleyne "for the purposes of [ ] direct appeal," stated that, "doing so is not

intended to suggest that Alleyne applies retroactively to cases on collateral review. Alleyne was decided in the context of a direct appeal, and the Supreme Court itself has not expressly declared Alleyne to be retroactive on collateral review . . . [a]nd Alleyne has not been made retroactive through any combination of cases that necessarily dictate retroactivity." United States v. Harris, 741 F.3d 1245, 1250 n.3 (11th Cir. 2014) (citation omitted).

The decision in Schriro v. Summerlin, 542 U.S. 348 (2004), supports the determination that decisions based upon Apprendi are not retroactively applicable on collateral review. The Supreme Court held in Schriro that the decision in Ring v. Arizona, 536 U.S. 584 (2002)—a case also based upon the principle established in Apprendi—"announced a new procedural rule that does not apply retroactively to cases already final on direct review." 542 U.S. at 358.

In Burrage, the Supreme Court interpreted the "death results" enhancement set forth in 21 U.S.C. § 841(b)(1)(C), and held that "at least where use of the drug distributed by the defendant is not an independently sufficient cause of the victim's death or serious bodily injury, a defendant cannot be liable under the penalty enhancement provision of 21 U.S.C. 841(b)(1)(C) unless such use is a but-for cause of the death or injury." ___ U.S. at ___, 134 S. Ct at 892. The Supreme Court ruled that, "[b]ecause the 'death results' enhancement increased the minimum and maximum sentences to which Burrage was exposed, it is an element that must be submitted to the jury and found beyond a reasonable doubt." ___ U.S. at ___, 134 S. Ct at 887.

Even if Burrage announced a new rule of constitutional law, the decision has not been applied retroactively to cases on collateral review, and this Court is not inclined to

AO 72A
(Rev. 8/82)

do so. De La Cruz v. Quintana, No. 14-28-KKC, 2014 WL 1883707, at *6 (E.D. Ky. May 1, 2014) (unable to find any authority making Burrage retroactively applicable); Taylor v. Cross, No. 14-cv-304, 2014 WL 1256371, at *3 (S.D. Ill. Mar. 26, 2014) (Burrage has not been found to apply retroactively); and In re: Carlos Alvarez, No. 14-10661-D (Mar. 6, 2014) (Doc. No. 9-9, p. 4) (declining to extend Burrage because the Supreme Court "did not expressly hold that Burrage is retroactive[ly applicable to cases] on collateral review.")

Alvarez has made these same allegations in previously filed motions. "The mere fact that such a [§ 2255 motion] is procedurally barred by § 2255's statute of limitations or restriction on second or successive motions does not make it inadequate or ineffective." Peddi v. Hobbs, No. 98-2994, 1999 WL 976242, at *2 (11th Cir. Oct. 27, 1999). It appears that Alvarez is attempting to bring a second or successive § 2255 motion pursuant to § 2255(h), which provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

As the Eleventh Circuit has informed Alvarez, Alleyne and Burrage are not retroactively applicable Supreme Court decisions; thus, he does not fulfill the first condition to invoke the savings clause or to proceed under § 2255(h). Alvarez does not satisfy the savings clause, and the Court need not address the relative merits of his section 2241 petition.

Because Alvarez has not satisfied the requirements of § 2255's savings clause, he cannot "open the portal" to argue the merits of his claim. Dean v. McFadden, 133 F. App'x 640, 642 (11th Cir. 2005).

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Alvarez's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 5th day of September, 2014.

_____
JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)