# In the United States District Court
## For the Southern District Of Georgia
## Brunswick Division

CARLOS ALVAREZ,

      Petitioner,

v.

WARDEN SUZANNE HASTINGS,

      Respondent.

\*
\*
\*     CIVIL ACTION NO.: 2:14-cv-70
\*
\*
\*
\*
\*
\*

## ORDER

Before the Court is Petitioner Carlos Alvarez's Motion for Reconsideration. Dkt. No. 26. In this Motion, Petitioner seeks reconsideration of this Court's Order denying him leave to proceed in forma pauperis on appeal and denying him a certificate of appealability (dkt. no. 25). Id. For the reasons set forth below, Petitioner's Motion is **DENIED.**

### BACKGROUND

Petitioner filed this action pursuant to 28 U.S.C. § 2241 seeking to attack the validity of his sentence imposed by the United States District Court for the Middle District of Florida after his conviction for distribution of heroin. Dkt. No. 1. Respondent filed a Motion to Dismiss arguing that Petitioner's action was procedurally barred, as he had previously filed an

unsuccessful petition pursuant to 28 U.S.C. § 2255 in the Middle District of Florida and had twice unsuccessfully applied to the United States Court of Appeals for the Eleventh Circuit to file a second or successive Section 2255 petition. Dkt. No. 9.

The Magistrate Judge issued a Report recommending that Respondent's Motion to Dismiss be granted. Dkt. No. 12. The Report and Recommendation concluded that Petitioner could not use Section 2241 to attack his sentence because he could not satisfy Section 2255's savings clause. Id. The Magistrate Judge based this determination, among other reasons, on the fact that one of the authorities relied upon by Petitioner, Burrage v. United States, 134 S. Ct. 881, 888 (2014), had not been made retroactive by the Supreme Court. Id. at pp. 6-7. The Magistrate Judge pointed out that the Eleventh Circuit had informed Petitioner that Burrage did not announce a new rule of constitutional law and did not apply retroactively when rejecting his application to file a second or successive Section 2255 petition. Id. at pp. 2-3 (citing Dkt. No. 9-9). After a de novo review of the entire record, including Petitioner's Objections (dkt. no. 14), the Court adopted the Report and Recommendation and granted Respondent's Motion to Dismiss. Dkt. No. 15.

After unsuccessfully moving for reconsideration of the Court's Order of dismissal, Petitioner filed a Notice of Appeal

on March 13, 2015. Dkt. No. 19. Petitioner then filed his

Motion for Leave to Appeal in Forma Pauperis on April 6, 2015.

Dkt. No. 22. On May 5, 2015, the Court denied this Motion and

denied Petitioner a certificate of appealability. Dkt. No. 25.

The Court found that Petitioner's appeal was without arguable

merit in either law or fact and that he failed to make a showing

of a denial of a constitutional right. Id. It is this ruling

that Petitioner now asks the Court to reconsider. Dkt. No. 26.

**DISCUSSION**

Pursuant to Federal Rule of Civil Procedure 59(e) ("Rule

59(e)"), a party may seek to alter or amend a judgment in a

civil case within twenty-eight days after the entry of the

judgment.

> Although Rule 59(e) does not set forth the grounds for
> relief, district courts in this Circuit have
> identified three that merit reconsideration of an
> order: (1) an intervening change in controlling law;
> (2) the availability of new evidence; and (3) the need
> to correct clear error or prevent manifest injustice.

Argo v. Gregory, No. CV 212-213, 2014 WL 6683259, at *1 (S.D.

Ga. Nov. 25, 2014).

Courts do not revisit orders routinely, and reconsideration

is an "extraordinary remedy, to be employed sparingly." Smith

ex rel. Smith v. Augusta-Ruchmond Ctv., No. CV 110-126, 2012 WL

1355575, at *1 (S.D. Ga. Apr. 18, 2012) (quoting Williams v.

Cruise Ships Catering & Serv. Int'l, N.V., 320 F. Supp. 2d 1347,

1358 (S.D. Fla. 2004)). To warrant reconsideration, a movant must "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Cover v. Wal-Mart Stores, Inc., 148 F.R.D. 294, 294, 295 (M.D. Fla. 1993) (quoting All Haw. Tours, Corp. v. Polynesian Cultural Ctr., 116 F.R.D. 645 (D. Haw. 1987), rev'd in part on other grounds, 855 F.2d 860 (9th Cir. 1988)). "A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Jacobs v. Tempur-Pedic Int'l, Inc., 626 F.3d 1327, 1344 (11th Cir. 2010) (alterations omitted) (quoting Michael Linet, Inc. v. Village of Wellington, 408 F.3d 757, 763 (11th Cir. 2005)). A reconsideration motion "is not an opportunity for the moving party to instruct the court on how the court 'could have done it better' the first time." Jersawitz v. People TV, 71 F. Supp. 2d 1330, 1344 (N.D. Ga. 1999) (alterations omitted) (quoting Preserve Endangered Areas of Cobb's History v. U.S. Army Corps of Eng'rs, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995)). The Court's interest in finality is strong, and "[a] busy district court need not allow itself to be imposed upon by the presentation of theories seriatim." Lussier v. Dugger, 904 F.2d 661, 667 (11th Cir. 1990) (quoting Union Planters Nat'l Leasing v. Woods, 687 F.2d 117, 121 (5th Cir. 1982)).

In the instant Motion, Petitioner argues that the Court should reconsider its denial of his Motion for Leave to Appeal in Forma Pauperis and the denial of a certificate of appealability because of concessions recently made by the Government in Ragland v. United States, 784 F.3d 1213, 1214 (8th Cir. 2015). Dkt. No. 26. Specifically, Petitioner points out that in Ragland, the Government conceded that Burrage applies retroactively. Id.

Regardless of the concessions made by the Government in an entirely separate case, the Supreme Court has not made Burrage retroactive. The Eleventh Circuit has already advised Petitioner of the same and has directly foreclosed him from making the same arguments that he now seeks to raise on appeal. See Dkt. No. 9-9. Indeed, the Eleventh Circuit has twice rejected Petitioner's efforts to attack his sentence. Consequently, Petitioner has not shown an intervening change in controlling law or that reconsideration is necessary to correct clear error or prevent manifest injustice. Therefore, there is no reason for the Court to exercise the "extraordinary remedy" of reconsidering its decision that Petitioner's appeal is not taken in good faith and does not raise issues worthy of a certificate of appealability.

## CONCLUSION

For the reasons set forth above, Petitioner's Motion for Reconsideration (dkt. no. 26) is **DENIED**, and this case remains **CLOSED**.

**SO ORDERED**, this ____4____ day of ____July____, 2015.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA